IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JONATHAN BRESLIN | Cr. No. 17-80-JJM |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Jonathan Breslin engaged in a pattern of sexual exploitation of multiple children over a period of years. He re-victimized children who suffered horrific sexual abuse by collecting and distributing pornographic images and videos memorializing their abuse. He also actively exploited children through social media applications by sending obscene images and encouraging them to engage in prohibited sexual activity. His conduct calls for a significant prison sentence. The government recommends a sentence of 151 months imprisonment followed by a period of lifetime supervised release.

The Court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Title 18, United States Code, Section 3553(a). Those purposes include in relevant part:

(1) The nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed to:
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

|     | effective manner. |
| --- | --- |
| \*\*\* | |
| (4) | the kinds of sentence and the sentencing range established [in the federal sentencing guidelines]. |
| \*\*\* | |
| (6) | The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes. |
| (7) | the need to provide restitution to any victims of the offense. |

See 18 U.S.C. §3553.

### Nature of the Offense and History and Characteristics of the Defendant

The facts of this case are detailed in the prosecution version of the Presentence Investigation Report and will not be repeated in graphic detail here. Suffice to say, the defendant's conduct was incomprehensibly vile. It takes a staggering amount of dehumanization to derive sexual gratification from the rape and molestation of children. Yet this defendant not only collected and distributed pre-existing child pornography, he engaged children on-line through social media applications in which he encouraged them to engage in sexually explicit conduct. He then described this behavior in a tone that can only be described as glee to an undercover law enforcement agent that he assumed to be a kindred spirit. The pedophilic sexual fantasies that he relayed to the undercover agent defy description.

The sentence imposed must reflect the seriousness of the offense. 18 U.S.C. 3553(a)(2)(A). Possession and distribution of child pornography are serious offenses. It is incumbent on sentencing Courts to recognize that possession of child pornography is

not a victimless crime.

> The Supreme Court has repeatedly explained, for thirty years, that individuals depicted in child pornography are harmed by the continuing dissemination and possession of such pornography containing their image. Such materials are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Indeed, the Court has stated that as a permanent record of a child's abuse, the continued circulation itself would harm the child who had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being. These statements were well supported by medical and social science.

United States v. Kearney, 672 F.3d 81, 94 (1st Cir. 2012)(internal citations and quotations omitted).

The Victim Impact Statements submitted to the Court in this case reflect the distinct harm to sexual abuse survivors caused by circulation of images of their abuse. They are consistent with larger trends.  In a recent survey led by the Canadian Centre for Child Protection, 67% of child sexual abuse material survivors said the distribution of their images impacts them differently than the hands-on abuse they suffered because the distribution never ends and the images are permanent.  *Survivor's Survey, Executive Summary 2017*, Canadian Centre for Child Protection.[1]

---

[1] Available at https://protectchildren.ca/pdfs/C3P_SurvivorsSurveyExecutiveSummary2017_en.pdf

In addition, the defendant sent obscene images of himself to at least one minor, whom he groomed over a period of years, beginning when she was about 13 years old, and continuing until the time of his arrest. He also solicited sexually explicit images from the minor. He began that on-line relationship by first representing himself as a 15 year old.

The defendant also persuaded a second minor, whom he estimated to be no older than age 10, to send him sexually explicit images of herself. This behavior occurred not in some distant corner of the dark web, but on a social media application where millions of children and teens play karaoke games pretending to be pop stars. It is literally a parent's worst nightmare.

On the date of his arrest, defendant told agents that he is a pedophile, but he had not realized it until that moment. Nothing in the history and characteristics of the defendant approaches explaining his abhorrent conduct. The sentence imposed should address his behavioral needs. There are sex offender treatment programs available in the Bureau of Prisons, including at FMC-Devens, which may assist the defendant. In addition, his post-incarceration conditions of supervised release should include mental health treatment.

## Deterrence

Congress, the Supreme Court, and the Sentencing Commission have all expressed the view that deterrence is an important factor when fashioning an appropriate sentence in child pornography cases. "The most expeditious if not the only

practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product." United States v. Irey, 612 F.3d 1160, 1206 (11th Cir. 2010), (citing United States v. Ferber, 458 U.S. 747, 760 (1982). "It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand." Osbourne v. Ohio, 495 U.S. 102, 109-10 (1990). See also (United States v. Goff, 501 F.3d 250, 261 (3rd Cir. 2007)("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing"); United States v. Barevich, 445 F.3d 956, 959 (7th Cir. 2006) ("Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it.").

In United States v. Goldberg, 491 F.3d 668, 672 (7th Cir. 2007), the court pointed out:

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded - both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so more will be produced.

The First Circuit has recently upheld the substantive reasonableness of lengthy prison sentences in child pornography cases. See e.g., United States v. King, 741 F.3d 305 (1st Cir. 2014)(72 month sentence for possession of child pornography substantively reasonable); United States v. Stone, 575 F.3d 83 (1st Cir. 2009)(17.5 year sentence for distribution of child pornography substantively reasonable).

## **Victim Impact**

There are hundreds of victims in this case. Among the images and videos of child pornography that the defendant possessed were those of 17 previously identified victim series. The rest are sadly, unknown. The amount of child pornography trafficked on the internet by the defendant and others is staggering. A 2018 Study published by ECPAT International and Interpol noted there are more than 1 million media files of child sexual exploitation and abuse materials in the International Child Sexual Exploitation (ICSE) Database. *Towards A Global Indicator on Unidentified Victims in Child Sexual Exploitation Material* (2018)[2]. Almost 47 percent of the files portray child victims that have been identified by law enforcement, while the remainder depict unidentified children. Yet this likely significantly under represents the true number of victims, since more than 50% of the world's population live in countries that do not contribute to the ICSE Database. Id.

---

[2] Summary available at http://www.ecpat.org/wp-content/uploads/2018/03/TOWARDS-A-GLOBAL-INDICATOR-ON-UNIDENTIFIED-VICTIMS-IN-CHILD-SEXUAL-EXPLOITATION-MATERIAL-Summary-Report.pdf

Over 60% of the unidentified victims are prepubescent.  Id.  The study found a link between the age of the child on and the severity of the abuse.  When victims were younger, the abuse was more severe.  It was also found that very young children were more likely than pubescent victims to be subjected to abuse and exploitation featuring an additional paraphilic theme.  Id.   This is consistent with the defendant's child pornography collection, which included prepubescent victims, as well as sadistic and masochistic conduct.

Three of the victims submitted Victim Impact Statements, which were provided to the Probation Office and defense counsel separately.  Their words are both heartbreaking and inspiring.  They demonstrate resiliency in the face of life long damage, and they ask for justice.  A significant sentence is a small step towards that goal.

    Respectfully submitted,

    RICHARD B. MYRUS
    Acting United States Attorney

    /s/ John P. McAdams

    JOHN P. McADAMS
    Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

  I hereby certify that on January 8, 2019, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification


Kevin Fitzgerald, Esq.
Assistant Federal Defender

                /s/ John P. McAdams
                JOHN P. McADAMS
                Assistant U. S. Attorney,
                U. S. Attorney's Office
                50 Kennedy Plaza, 8th Floor
                Providence, RI 02903
                401-709-5000